**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| THERON C. FOSTER,              ) | |
|                                                  ) | |
|              Plaintiff,         ) | Civil Action No. 3:07-1410-CMC-BM |
|                                                  ) | |
| v.                                            ) | |
|                                                  ) | **REPORT AND RECOMMENDATION** |
| VANCE UNIFORM              ) | |
| PROTECTION SERVICE,     ) | |
|                                                  ) | |
|              Defendant.       ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq.. This matter is before the Court pursuant to a motion filed by the Plaintiff to certify a class action in this case. Plaintiff's motion should be denied.

Rule 23(a)(4), Fed.R.Civ.P., provides that one or more members of a class may sue as a representative party on behalf of other purported class members only if that representative party will fairly and adequately protect the interests of the class. As a pro se litigant Plaintiff fails to meet this requirement. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) [A pro se litigant may not represent the interest of a class in a class action lawsuit.]; cf. Goldchip Funding Co. v. 20th Century Corp., 61 F.R.D. 592, 594 (M.D.Pa. 1974). Further, Defendant correctly notes in its reply memorandum that Plaintiff has failed to meet his burden of showing just who the members of this class would be, whether there are questions of law or fact common to such a class, or whether his claims are typical of the claims or defenses of any such class, all requirements for certification of a class action. See Rule 23(a)(1)(2) and (3); International Woodworkers of America v. Chesapeake

1



Bay Plywood Corp., 659 F.2d 1259, 1267 (4th Cir. 1981) [party seeking class certification bears the burden of proof of compliance with Rule 23]; Windham v. American Brands, Inc., 565 F.2d 59, 65, n. 6 (4th Cir. 1977) ["It is well settled...that the proponent of class certification has the burden of establishing the right to such certification under Rule 23"]; Lienhart v. Dryvit Systems, Inc., 255 F.3d 138, 146 (4th Cir. 2001); Gariety v. Grant Thornton, LLP, 368 F.3d 356, 362 (4th Cir. 2004).

Therefore, it is recommended that Plaintiff's motion for class certification in this case be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 15, 2007



2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

